## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SONYA F., | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CASE NO. 17-CV-357-FHM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, SONYA F., seeks judicial review of a decision of the Commissioner of the

Social Security Administration denying Social Security disability benefits.[1]  In accordance

with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United

States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the decision is supported by substantial

evidence and whether the decision contains a sufficient basis to determine that the

Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v.*

*Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and

---

[1] Plaintiff Sonya F.'s application was denied initially and upon reconsideration.  A hearing before an Administrative Law Judge (ALJ) B. D. Crutchfield was held April 27, 2016.  By decision dated May 27, 2016, the ALJ entered the findings which are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on April 24, 2017.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 52 years old on the alleged date of onset of disability and 54 years old on the date of the denial decision. She completed two years of college and certification as a nurse's aid. Her past relevant work includes a home attendant and customer service. [R. 35]. Plaintiff claims to have been unable to work since November 5, 2014[2] due to injury to back, legs, and knees, as well as mental impairments. [R. 47, 225].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease, anxiety, affective disorder, and learning disorder. [R. 23]. The ALJ determined that the Plaintiff has the residual functional capacity to perform light work, specifically, Plaintiff can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; she can stand, sit, and walk 6 hours in an 8-hour workday with normal breaks. She can push and pull 20 pounds occasionally and 10 pounds frequently. Plaintiff can

---

[2] Plaintiff amended her alleged onset date from March 13, 2014 to November 5, 2014. [R. 20].

occasionally climb ladders, ropes, and scaffolds. She can perform simple tasks with routine supervision, relate to supervisors and peers on a superficial work basis, and adapt to a work situation. Plaintiff cannot relate to the general public. [R. 25]. The ALJ determined that Plaintiff is unable to perform her past relevant work, however, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 38-39]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts the ALJ failed to consider the overlay of her medical and psychiatric conditions (back and neck pain and low functioning mental ability and depression). [Dkt. 22, p. 5].

**Analysis**

Plaintiff begins her discussion of her alleged errors on appeal by noting consultative examiner, William Cooper, Ph.D., diagnosed her with a low average intellectual potential. Plaintiff then states that, "Each disability and the combination of disabilities each with the other had a compounding effect on Claimant's over all (sic) condition. The Court should have evaluated these disabilities in conjunction one with the other. Each disability and the disabilities in combination had an overall impact on the condition of the whole man. The core issues is as to whether the claimant would return to her jobs." [Dkt. 22, p. 9]. Plaintiff then cites two Tenth Circuit cases, *Young v. Barnhart,* 146 Fed.App'x 952, 955 (10th Cir. 2005)(unpublished) and *Eggleston v. Bowen,* 851 F.2d 1244, 1247 (10th Cir. 2008), and

then reiterates her position that she, "[I]s asserting that the Court did not consider the combined effect of all impairments." [Dkt. 22, p. 9]. That is the extent of Plaintiff's brief.

Plaintiff appears to be asserting error in the ALJ's consideration of the opinion of Dr. Cooper. The court, however, does not agree. The ALJ thoroughly and accurately discussed the mental status examination performed by Dr. Cooper on November 5, 2014, noting that Plaintiff reported she felt anxious most of the time, worried about daily problems, and was unable to sleep at night due to thoughts. Plaintiff stated she had panic attacks all of her life which occurred several times each week. Dr. Cooper found Plaintiff was alert and oriented to person, place, and roughly time. On the Montreal Cognitive Assessment, Plaintiff was unable to successfully perform the trail-making test and appeared to have no idea how to proceed with it. When asked to draw a picture of a clock, Plaintiff's drawing was done quickly and carelessly. Memory and attention was generally poor and formal judgment was limited. [R. 27]. Dr. Cooper estimated Plaintiff might have a low average intellectual potential though she does not appear to function at that level. The assessment suggests she was likely to have low average intellectual potential, though she appeared to be functioning below that level currently, likely due to the adverse effects of anxiety. Formal education suggests she was an unenthusiastic student or had a learning disability or both. There were no obvious signs of psychosis. Plaintiff's insight was limited and her prognosis was guarded. Dr. Cooper found Plaintiff was capable of understanding simple questions and following simple directions. Plaintiff would have limited ability to relate to others. [R. 28, 323-238]. As specifically noted by the ALJ, all of Dr. Cooper's limitations were incorporated into the ALJ's RFC. [R. 25, 27-28].

It is clear that the ALJ fully considered the opinion of Dr. Cooper. Accordingly, the

court finds that the ALJ's evaluation of Dr. Cooper's medical opinion was proper and is supported by substantial evidence.

To the extent Plaintiff is attempting to assert any other errors, they are forfeited. Plaintiff has not developed an argument that this court can review in a meaningful way. See *Wall v. Astrue*, 361 F.3d 1048, 1066 (10th Cir.2009)(perfunctory presentation of argument by claimant deprived the district court of the opportunity to analyze and rule on issue); *Zumwalt v. Astrue,* 220 Fed. Appx. 700, 776-77 (10th Cir. 2007) (unpublished) (waiver rules apply in Social Security disability context when issues are not sufficiently preserved).

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 15th day of February, 2019.


*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE